UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERIA,<br><br>                            Plaintiff,<br><br>v.<br><br>DIEGO RIVERA-VAZQUEZ,<br><br>                            Defendant. | Case No.:  13cr1307-CAB<br><br>**ORDER DENYING MOTION TO VACATE [Doc. Nos. 49 and 55]** |

On May 2, 2016, Defendant/Petitioner Diego Rivera-Vazquez filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence.  [Doc. No. 49.]  On September 22, 2016, Plaintiff/Respondent United States of America filed a response to the motion.  [Doc. No. 52.]  On October 20, 2016, the Court received a document from Petitioner that was deemed to be a motion to amend the original, pending petition.  [Doc. Nos. 54, 55.]  The motion sought leave to add an additional ground to vacate, set aside or correct his sentence based upon "new amendment 794 to USSG §3B.1.1." [Doc No. 55 at 4.]  On October 28, 2016, Petitioner's motion to amend the original petition to add an additional ground was granted.  [Doc. No. 56.]  Respondent was ordered to file a response to the additional ground set forth in Doc. No. 55 by November 30, 2016.  To date, no

further response has been filed by Respondent.[1]  For the reasons set forth below, Petitioner's motion to vacate based on both grounds [Doc. Nos. 49 and 55] is **DENIED**.

## BACKGROUND

On March 20, 2013, Petitioner drove a vehicle into the Otay Mesa, California, Port of Entry. At the time Petitioner drove the vehicle into the United States, concealed within the vehicle was approximately 2.26 kilograms of Methamphetamine and .64 kilograms of Heroin. [Doc. No. 25 at 3.] Petitioner was arrested and charged with two counts of violating 21 U.S.C. §§ 952 and 960. [Doc. No. 28.]

During a plea hearing held before the U.S. Magistrate Judge Ruben Brooks on November 7, 2013, Rivera-Vazquez pled guilty pursuant to a plea agreement to the two-count Superseding Information filed against him. [Doc. Nos. 31 and 33.]  The parties jointly recommended the following Guidelines:

 1. Base Offense Level [USSG § 2D1.1] 34

 2. Minor Role -2*

[*If defendant truthfully discloses to the government all information and evidence the defendant has concerning the offense and relevant conduct, and if defendant otherwise qualifies for "mitigating role" under § 3B1.2, the government will recommend a two-level reduction under § 3B1.2.]

 3. Acceptance of Responsibility -2

 [USSG § 3E1.1]

 4. Adjusted Offense Level 30.

[Doc. No. 33 at 8-9.]

At sentencing on November 15, 2013, the United States complied with the plea agreement and recommended the following Guidelines calculations in its sentencing summary chart:

---

[1] Although Respondent failed to submit the requested briefing, the Court has chosen to review the additional claim on the merits.

    Base Offense Level 34

    Minor Role -2

    Acceptance of Responsibility [USSG § 3E1.1] -2

[Doc. No. 37.] The United States noted that the above Guideline calculations produced an Adjusted Offense Level of 30 which, in combination with Petitioner's Criminal History Category of III[2], produced a Guideline Range of 121 to 151 months' custody. [*Id.*] The United States recommended a sentence of 121 months' custody, the low end of that Guideline Range. [*Id.*] The Court accepted the Government's minor role recommendation and ultimately sentenced the Petitioner to a total of 108 months, thirteen months below the Guideline Range. [Doc. No. 43 at 7-8.]

    After the judgment issued in November 18, 2013, Petitioner did not appeal the sentence. In June 2016, more than two years after his sentence became final, Petitioner filed this motion for habeas relief where he claims that: (1) the Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015), compels his case be remanded for re-sentencing; and (2) he should have received a downward adjustment for his alleged minor role in the offense pursuant to USSG §3B1.2.

## DISCUSSION

### A.  Legal Standard.

    A federal prisoner in custody under sentence may move the court that imposed the sentence to vacate, set aside, or correct the sentence if "the sentence was imposed in

---

[2] Petitioner has two known convictions in his record. The first is a violation of CAL. VEHICLE CODE § 14061.1(a) for driving on a suspended license in Riverside, California, for which he received 10 days jail and 36 months of probation. [Doc. N. 25 at 6.] The second known conviction occurred in 2012 for five counts of violations of California law, including three felony counts of violating CAL. PENAL CODE § 496 for stolen public property. [*Id.*] Petitioner received 210 days jail and 36 months of probation for this conviction. Petitioner received an additional +2 to his criminal history at sentencing because he was on probation at the time of the instant offenses. [*Id.*] However, the Court reduced Petitioner's criminal history category because his criminal history was a "little overstated." [Doc. No. 43 at 7.]

violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. To warrant relief under § 2255, a prisoner must allege a constitutional, jurisdictional, or otherwise "fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure." *United States v. Timmreck*, 441 U.S. 780, 783 (1979). If it is clear the movant has failed to state a claim, or has "no more than conclusory allegations, unsupported by facts and refuted by the record," a district court may deny a § 2255 motion without an evidentiary hearing. *United States v. Quan*, 789 F.2d 711, 715 (9th Cir. 1986). "Errors of law which might require reversal of a conviction or sentence on appeal do not necessarily provide a basis for relief under § 2255." *United States v. Wilcox*, 640 F.2d 970, 973 (9th Cir. 1981).

    *B.   Johnson.*

In arguing that his applicable sentencing provisions were unconstitutionally vague, Petitioner relies on *Johnson v. United States,* 135 S.Ct. 2551 (2015). In *Johnson,* the Supreme Court examined language from the Armed Career Criminal Act ("ACCA"), which provides for a mandatory minimum sentence of 15 years of imprisonment for a defendant who violates 18 U.S.C. § 922(g) and has three prior convictions for a "violent felony" or a "serious drug offense." 18 U.S.C. §924(e). There are three "clauses" in the statute defining what type of prior crime qualifies as a "violent felony":

- The "elements" clause: "has as an element the use, or attempted use, or threatened use of physical force against the person of another";
- The "enumerated offenses" clause: "is burglary, arson, or extortion, [or] involves use of explosives" and
- The "residual" clause: "or otherwise involves conduct that presents a serious potential risk of physical injury to another."

18 U.S.C. § 924(e)(2)(B). In *Johnson*, the Supreme Court held that imposing an increased sentence under ACCA's residual clause violates the Due Process Clause because the

residual clause is impermissibly vague on its face. Because no "principled and objective standard" could identify what crimes fell under the language of the residual clause, the Supreme Court held that it "both denies fair notice to defendants and invites arbitrary enforcement by judges." *Id.* at 2557.

The Court explicitly noted that its decision "does not call into question application of the [ACCA] to . . . the remainder of the Act's definition of a violent felony," including a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another," 18 U.S.C. § 924(e)(2)(B)(i), and a felony offense that "is burglary, arson, or extortion, [or] involves use of explosives," 18 U.S.C. § 924(e)(2)(B)(ii). 135 S. Ct. at 2563. It also does not affect ACCA's definition of "serious drug offense." 18 U.S.C. § 924(e)(2)(A).

In this case, Petitioner was not sentenced under 18 U.S.C. § 924, the statute at issue in *Johnson*. Nor was Petitioner sentenced pursuant to any provisions similar to the challenged portions of 18 U.S.C. § 924. To the contrary, the sentence that Petitioner now challenges was based entirely on a conviction for crimes that fall outside the realm of *Johnson*. Petitioner did not receive any enhancement or violent felony considerations, because none were present in this case. *Johnson* is wholly inapplicable here. Accordingly, Petitioner's motion which is premised on *Johnson* [Doc. No. 49] is denied.

C.  Amendment 794.

Petitioner also argues that he should have received a downward adjustment for his alleged minor role in the offense pursuant to USSG § 3B1.2. [Doc. No. 55 at 4.]

USSG § 3B1.2 directs the court to decrease the offense level in two circumstances: (1) If the defendant was a minimal participant in any criminal activity, decrease by four levels; and (2) if the defendant was a minor participant in any criminal activity, decrease by two levels. U.S.S.G § 3B1.2.

First, Petitioner did receive a minor role reduction pursuant to U.S.S.G. § 3B1.2. [Doc. No. 43 at 7.]  Therefore, the motion to vacate on this basis is moot.  Nevertheless, even if Petitioner had not received such a reduction, he still has no claim for relief.

In support of his motion, Petitioner cites to *United States v. Quintero-Leyva* and Amendment 794, which provided five factors courts should use to determine whether a defendant should be granted a minor role reduction. *United States v. Quintero-Leyva*, 823 F.3d 519, 523 (9th Cir. 2016).  Petitioner argues that he should be given the retroactive benefit of Amendment 794. [Doc. No. 55 at 15-17.]  However, this type of claim may only be brought under 18 U.S.C. § 3582 and not § 2255. *See Hamilton v. United States*, 67 F.3d 761, 763 (9th Cir. 1995) (holding that a § 2255 claim can be based only on a claim of constitutional error, an error resulting in a "complete miscarriage of justice," or a "proceeding inconsistent with the rudimentary demands of fair procedure") (citing *Timmreck*, 441 U.S. at 783–84). Even if the Court were to construe this as a § 3582 motion, Petitioner's claim fails because Amendment 794 is not retroactive for purposes of a § 3582 motion. *See Quintero-Leyva*, 823 F.3d at 523 (holding that Amendment 794 was a "clarifying amendment"); *United States v. Stokes*, 300 Fed. Appx. 507, 508 (9th Cir. 2008) (holding that a "clarifying amendment" does not apply retroactively in a motion for reduction of a sentence under § 3582).  Therefore, Petitioner's motion to vacate on the grounds of Amendment 794 is denied.

Given the disposition above, the Court does not reach Respondent's arguments regarding waiver and procedural default.

D.  Certificate of appealability.

Under Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, 28 U.S.C. foll. § 2255. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue. Fed. R. App. P. 22(b). For the reasons set forth in this order, Petitioner has not

made a substantial showing of the denial of a constitutional right. Accordingly, the court declines to issue a certificate of appealability.

## CONCLUSION

For the reasons set forth above, Petitioner's motion to vacate under 28 U.S.C. §2255 [Doc. Nos. 49 and 55] is **DENIED**. The court declines to issue a certificate of appealability.

Dated: December 29, 2016

_____
Hon. Cathy Ann Bencivengo
United States District Judge