UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERIA,<br><br>                     Plaintiff,<br><br>v.<br><br>DIEGO RIVERA-VAZQUEZ,<br><br>                     Defendant. | Case No.: 13cr1307-CAB<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION UNDER AMENDMENT 782 [Doc. Nos. 60, 62]** |

Before the Court is defendant Diego Rivera-Vazquez's renewed motion under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on the reduction of the relevant guideline sentencing range, made retroactive pursuant to 28 U.S.C. §994(u). [Doc. No. 62.][1]

Having considered the motion, the sentence imposed and the policy statement set forth in USSG §1B1.10, the motion is **DENIED**.

On November 18, 2013, the Court sentenced the defendant to a custodial term of 108 months for importation of 2.13 kilograms of methamphetamine (actual) and 342.8

---

[1] The defendant renewed his motion after the Court denied his prior motion for reduction under Amendment 782 [Doc. No. 60] having erroneously construed it as a renewal of a previous motion to reduce his sentence on other grounds. The Court's order of February 27, 2019 [Doc. No. 61] is hereby **VACATED**.

grams of heroin. [Doc. No. 39; Doc. No. 25, at ¶¶ 5, 15.] The 2012 U.S. Sentencing Commission Guidelines Manual ("USSG") was used to calculate the defendant's guideline range. [Doc. No. 25, at ¶ 13.] Pursuant to the USSG, the two drugs were calculated at the equivalent of 43,023 kilograms of marihuana with a resulting base offense level of 38. USSG §§ 2D1.1(c)(1), 3D.12(d). [Doc. No. 25, at ¶¶ 14-16.]

The defendant was given an adjustment for mitigating role, reducing his base offense level to 34, and the corresponding two-point reduction for role. USSG § 2D1.1(a)(5), § 3B1.2(b). The Court then applied a two-level downward adjustment for acceptance of responsibility, USSG § 3E1.1(a), resulting in an adjusted offense level of 30. The defendant was determined to have a criminal history score of five with a resulting Criminal History Category of III. USSG § 4B1.1. Applying his adjusted base offense level of 30 to a Category III, the defendant's guideline range was calculated to be 121-151months.

The defendant moved for a downward departure of one Criminal History Category to Category II, pursuant to USSG § 4A1.3(b)(1). The Court granted that departure request and recalculated the defendant's guideline sentence using an offense level 30 at Criminal History Category II, resulting in a guideline range of 108-135 months. After considering the other sentencing factors under 18 U.S.C. § 3553(a), the Court sentenced the defendant to 108 months, the low end of the range.

On November 1, 2014, Amendment 782 amended USSG § 2D1.1 by reducing the offense levels associated with quantities of narcotics by two levels. The Amendment was retroactive. 28 U.S.C. §994(u). The defendant's sentence, based on a sentencing range that was subsequently amended, is therefore eligible for modification consistent with USSC § 1B1.10. *See* 18 U.S.C. §3582(c)(2).

 USSG §1B1.10 prohibits courts from reducing a defendant's term of imprisonment under 18 U.S.C. §3582(c)(2) to a term that is less than the minimum of the amended guideline range. *See U.S. v. Tercero*, 734 F.3d 979, 981 (9th Cir. 2013). Amendment 782 reduced the defendant's base offense level to a 36. See USSG § 2.D1.1

(c)(at least 30,000 KG but less than 90,000 KG of Marihuana results in base offense level 36). After adjusting for the specific offense characteristic of mitigating role[2] and the two points for acceptance of responsibility, the defendant's amended adjusted base offense level is 29. Applied to a Criminal History Category III, his resulting amended guideline range is 108-135, the 108-month low end being equal to the sentence the defendant received. The defendant is therefore not eligible for a sentencing modification. *Tercero*, 734, F.3d at 980-82; *U.S. v. Bishop,* 677 Fed. Appx. 409 (9th Cir. 2017) (the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. §3582(c)(2) and USSG §1B1.10(b)(2)(A) to a term that is less than the minimum of the amended guideline range).

The defendant incorrectly calculates his amended guideline at 28 by simply reducing by two points his previously calculated base offense level of 30. He did not properly apply the mitigating role application at the new base offense level of 36. His proffered calculation that his amended base offense level should be 28, and at a Criminal History Category III, result in a guideline range of 97-121 months, is incorrect.

Additionally, the defendant requests the Court apply the Criminal History Category departure to a level II, to his recalculated guideline range further reducing his range to 87-108 months.

The Ninth Circuit has rejected arguments that departures are properly included in the calculation of the amended guideline. *Bishop,* 677 Fed. Appx. at 409; *United States v. Aragon-Rodriquez*, 624 Fed. Appx. 542 (9th Cir. 2015). The Court's departure under USSG § 4A1.3(b)(1) for overstated criminal history is therefore not considered in the recalculation to the defendant's amended guidelines under Amendment 782 and USSG §1B1.10. The only departure the Court is authorized to properly consider in an amended

---

[2] With a recalculated base offense level of 36, the mitigating role reduction reduces the base offence level by three points, USSG § 2D1.1(a)(5), to a 33. The base offense level of 33 is then reduced two points for the corresponding minor role adjustment to 31.

3

guideline calculation is substantial assistance departure under USSG 5K1.1, which was not at issue in this case. USSG §1B1.10(b)(2)(B). The defendant's proposed amended calculation is therefore rejected and Court finds that no reduction is required or warranted. The Motion for a Sentence Reduction is **DENIED**.

IT IS SO ORDERED.

Dated: April 9, 2019

_____
Hon. Cathy Ann Bencivengo
United States District Judge